IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY CALHOUN AND TANYA CALHOUN, his wife | : | CIVIL ACTION NO: |
| Plaintiffs, | : | |
| vs. | : | |
| PRIME, INC. and STEPHEN VAN LOON, Defendants. | : | JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Defendants, New Prime, Inc. (improperly identified in the Complaint as "Prime, Inc.") and Stephen Van Loon, by and through their attorneys, Rawle & Henderson LLP, respectfully aver upon information and belief as follows:

1. Plaintiffs commenced a civil action against defendants in the Court of Common Pleas of Luzerne County by Complaint filed on or about February 24, 2012 as a result of a June 21, 2011 motor vehicle accident. *See* Exhibit "A" – Plaintiffs' Complaint.

2. Defendant, New Prime, Inc., was served with a copy of the Complaint on or about February 29, 2012.

3. Defendant Stephen Van Loon, was served with a copy of the Complaint on or about March 1, 2012.

4. In the Complaint, plaintiffs separately and jointly demand judgment in an amount in excess of $50,000.00 (compulsory arbitration limits).

5. Specifically, plaintiff, Henry Calhoun, alleges, *inter alia,* that he sustained the following injuries as a result of the motor vehicle accident at issue herein:

> 11. As a result of the aforesaid accident, Plaintiff Henry Calhoun has suffered, yet suffers and will/may suffer from for an indefinite time in the future herniated discs at the L4 and L5 area of his back; lower back pain; right leg pain; middle back pain; swelling over his lumbosacral region; numbness and tingling in his foot right shoulder pain; and **other such injuries as have yet to be discovered**, all of which caused him and will/may cause him for an indefinite time in the future great pain, agony and suffering, both physical and mental.
>
> 12. As a result of the aforesaid accident and injuries sustained, Plaintiff Henry Calhoun has been forced to undergo medical treatment and will/may be forced to undergo medical treatment at an undetermined time in the future.
>
> 13. As a result of the aforesaid accident and injuries sustained, Plaintiff has expended, yet expends and will/may expend for an indefinite time in the future various and substantial sums of money for the medicine and medical attention in and about endeavoring to treat and cure Plaintiff Henry Calhoun of his injuries all to their great financial loss and damage.
>
> 16. As a result of the accident and injuries sustained, Plaintiff Henry Calhoun has suffered, yet suffers and will/may continue to suffer wage diminution or lessening of his earning power and earning capacity, and will/may continue to suffer same forever in the future.

2

*See* Exhibit "A" at ¶¶11, 12, 13 and 16.

    5.    Plaintiffs also demand punitive damages against both defendants as a result of the motor vehicle accident at issue herein:

> 26.    The aforementioned conduct of Defendant Stephen Van Loon was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public including Plaintiff Henry Calhoun. Defendant Stephen Van Loon knew or should have known that operating a tractor trailer at an excessive rate of speed in a parking area and without paying attention to the roadway before him would result in serious injury to other vehicles on the roadway. Nevertheless, Defendant failed to keep a proper lookout; failed to properly control his vehicle; failed to take proper and evasive action; failed to exercise a degree of care which an ordinary and prudent person would have done under the circumstances; failed to remain attentive and to maintain a sharp lookout of the roadway and the traffic thereon; operated his vehicle at a speed greater than that which was reasonable and prudent under the circumstances in violation of 75 Pa.C.S.A. §3361; failed to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinances of the City of Hazelton in and about operating his vehicle on the highways and roadways of the Commonwealth of Pennsylvania; failed to operate, maintain, inspect and repair his vehicle in accord with the applicable Federal Motor Carrier Safety Regulations and Pennsylvania statutes and regulations; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; operated his vehicle in violation of the rules and regulations of the Federal Motor Carrier Act; failed to slow or bring his vehicle to a stop to avoid the impact with the vehicles before him; failed to comply with the provisions of the Pennsylvania Motor Vehicle Code relating to the operation of motor vehicles, specifically as related to the aforesaid acts of negligence; failed to

3

document his travel log as required by law; failed to observe proper rest and driving intervals as required by law and failed to maintain a proper driver's log and observe driver rest requirements. All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff Henry Calhoun. As a result, Plaintiff is seeking an award of punitive damages against Stephen Van Loon.

28. The aforementioned conduct of Defendant Prime, Inc. by and through its agents, servants, workmen, contractors and/or employees was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public, including Plaintiff Henry Calhoun. Defendant Prime, Inc. knew or should have known that permitting Stephen Van Loon to operate its tractor trailer when he was unable to do so properly would result in serious injury to others driving on the roadway. Nevertheless, Defendant Prime, Inc. entrusted Stephen Van Loon with the vehicle of which Prime, Inc. was the carrier when it knew or should have known that Stephen Van Loon lacked sufficient skill, judgment and prudence in the operation of a tractor trailer; failed to adequately instruct Stephen Van Loon in the safe operation of the tractor trailer prior to entrusting him with the tractor trailer of which Defendant Prime, Inc. was the carrier; failed to prevent Stephen Van Loon from operating the tractor trailer of which Defendant Prime, Inc. was the carrier until he had sufficient ability to operate the motor vehicle safely; failed to adequately ascertain that Stephen Van Loon lacked the ability necessary to safely operate the tractor trailer of which Defendant Prime, Inc. was the carrier under the circumstances; failed to provide Stephen Van Loon with the equipment necessary to safely operate a tractor trailer; failed to operate, maintain, inspect and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations, and Pennsylvania statutes and regulations; operated its vehicle in violation of the rules and regulations of the Federal Motor Carrier Safety Regulations; operated its vehicle in violation of the rules and regulations of the

4

> Federal Motor Carrier Act; failed to provide Stephen Van Loon with proper training necessary to drive a tractor-trailer; failed to conduct a background check of the driving record of Stephen Van Loon; failed to properly supervise Defendant Stephen Van Loon in the operation of its tractor-trailer and failed to operate, inspect, maintain and repair its vehicle in accord with the applicable Federal Motor Carrier Safety Regulations rules and regulations and Pennsylvania statutes and regulations. All of these acts did constitute a reckless indifference to the risk of injury to Plaintiff Henry Calhoun. As a result, Plaintiff is seeking an award of punitive damages against Defendant Prime, Inc.

*See* Exhibit "A" at ¶¶26 and 28.

6. Additionally, Plaintiff Tanya Calhoun has claimed damages for loss of consortium as follows:

> 31. Solely because of the negligent conduct, careless conduct and gross, wanton and/or reckless conduct of Defendant Stephen Van Loon in causing the injuries to Henry Calhoun, Tanya Calhoun as wife of Henry Calhoun, has been, yet is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.
>
> 35. Solely because of the negligent conduct, careless conduct and gross, wanton and/or reckless conduct of Defendant Prime, Inc., in causing the injuries to Henry Calhoun, Tanya Calhoun as wife of Henry Calhoun, has been, yet is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

*See* Exhibit "A" at ¶¶26 and 28.

5317066-1

7. Based upon a fair reading of the Complaint, plaintiffs have set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, may be at stake.[1]

8. Defendant Stephen Van Loon, at all times material herein was an adult individual residing in Lewisburg, Tennessee and was a citizen of Tennessee.

9. At all times material hereto, New Prime, Inc. was and is a corporation incorporated under the laws of the State of Nebraska with its principal place of business and headquarters located in Springfield, Missouri.

10. Plaintiffs, Henry Calhoun and Tanya Calhoun, husband and wife, upon information and belief, was and are citizens of the State of Florida and they reside at 1711 Birchwood Circle, Apartment 1, Leesburg, Florida 34748. See Exhibit "A."

11. Diversity of citizenship within the meaning of 28 U.S.C. §1332, exists between plaintiffs and defendants since:

    (a) Plaintiffs are citizens and residents of the State of Florida; and

    (b) Defendants are not citizens of the State of Florida.

12. Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of

---

[1] Although Defendants vigorously dispute that punitive damages are warranted or available in this matter, punitive damages are properly considered in determining whether the amount in controversy has been satisfied. Bell v. Preferred Life Assur. Soc. Of Montgomery, Ala., 64 S.Ct. 5 (U.S. Ala. 1943); Henderson v. Nationwide Mutual Ins. Co., 169 F.Supp.2d 365, 368 (E.D. Pa. 2001)(attorneys' fees, interest and punitive damages are included in the amount in controversy if they are available to successful plaintiffs under a statutory cause of action"), citing Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)).

this notice, such that defendants are entitled to removal pursuant to 28 U.S.C. §1441, as amended, and 28 U.S.C. §1446.

WHEREFORE, defendant, New Prime, Inc. and Stephen Van Loon, prays that the above-captioned action now pending in the Court of Common Pleas of Luzerne County be removed therefrom to this Honorable Court.

                RAWLE & HENDERSON LLP

                By: _____
                    Gary N. Stewart, Esquire
                    Andrew Zeiter, Esquire
                    Attorneys for Defendants
                    New Prime, Inc. and Stephen Van Loon
                    Payne Shoemaker Building
                    240 N. 3rd St., 9th Floor
                    Harrisburg, PA 17101
                    (717)234-7700
                    File No.: 250778

Dated: 3/13/12

5317066-1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within-captioned Notice of Removal was served via first-class mail, postage prepaid, on the following:

> Robert Munley, III, Esquire
> Munley, Munley & Cartwright, P.C.
> 227 Penn Avenue
> Scranton, PA 18593
> *Counsel for Plaintiff*

RAWLE & HENDERSON, LLP

By: _____
   Gary N. Stewart, Esquire
   Andrew Zeiter, Esquire
   Attorneys for Defendants,
   New Prime, Inc. and Stephen Van Loon

DATED: 3/13/12